UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

                Plaintiff,

    vs.

SDE BUSINESS PARTNERING, LLC
and SDE-MRO EXPRESS, LLC,

                Defendants,

    vs.

ELECTRONIC DATA SYSTEMS, LLC,
                Garnishee.
_____/

CASE NO. 2:09-CV-10554
JUDGE SEAN F. COX
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION REGARDING GARNISHEE ELECTRONIC
DATA SYSTEMS, LLC'S MOTION: (I) TO COMPEL RESPONSES TO DISCOVERY
REQUESTS AND (II) FOR A PROTECTIVE ORDER (Doc. Ent. 43)**

**I.    RECOMMENDATION:**

        The Court should conclude that a garnishee defendant, in this case Electronic Data Systems

(EDS), may serve discovery requests on a judgment creditor, in this case J.P. Morgan Chase Bank

N.A.(Chase), and grant EDS's motion to compel responses to its discovery requests. EDS's

companion motion for a protective order should be granted only in part. The deposition involved

in Chase's *Second Notice of Taking Deposition With Duces Tecum* should not proceed until Chase

has responded to EDS's discovery requests.

**II.    REPORT:**

**A.    *Procedural Background***

1

1.      On February 13, 2009, JPMorgan Chase Bank, N.A., filed a complaint against SDE Business Partnering, LLC, and SDE-MRO Express, LLC.  Doc. Ent. 1.  The complaint alleges (I) default under Note A, (II) default under Note B, (III) claim and delivery as to the SDE Security Agreement, (IV) claim and delivery as to the SME Security Agreement, (V) injunction as to SDE and (VI) injunction as to SME.

2.      On March 5, 2009, Judge Cox entered a temporary restraining order in this case. Doc. Ent. 11.  By a letter dated March 6, 2009, plaintiff's counsel forwarded a copy of the order to counsel for EDS.  Doc. Ent. 44-2 at 1.  By a letter dated March 13, 2009, counsel for EDS informed plaintiff's counsel that EDS was not an account debtor of SDE and/or SDE-MRO.  Doc. Ent. 44-3. In a letter dated March 17, 2009, plaintiff's counsel requested certain agreements from counsel for EDS.  Doc. Ent. 44-4.

3.      On April 20, 2009, a consent judgment was entered  in favor of plaintiff JPMorgan Chase Bank, N.A. ("Chase") and against defendant SDE Business Partnering, LLC ("SDE") for indebtedness due and owing under two notes: (a) Note A in the amount of the principal balance of $2,756,783.41, interest of $37,576.49 through and including April 8, 2009, with interest continuing to accrue at a per diem rate of $344.59, fees and charges of $250 and other costs and attorney fees totaling $36,232 as allowed pursuant to the Loan Documents; and (b) Note B in the amount of at least the sum of the principal balance of $637,107.57, interest of $1,879.83 through and including April 8, 2009, which interest continues to accrue at a per diem rate of $96.98, fees and charges of $300 and other costs and attorney fees totaling $36,232 as allowed pursuant to the Loan Documents. *See* Doc. Ent. 13 at 6.

4.      Following entry of this consent judgment, a series of non-periodic writs of

garnishment were issued as to SDE.  *See* Doc. Entries 21, 22, 23, 24, 25, 26 and 35.  The writs issued on April 30, 2009 (Doc. Ent. 23) and July 16, 2009 (Doc. Ent. 35) named Electronic Data Systems, LLC (EDS) as the garnishee. On August 10, 2009 EDS filed an answer to the two writs of garnishment (Doc. Entries 36 and 37).  On July 19, 2010 two subsequent garnishee disclosures were filed denying liability (Doc. Entries 41 and 42).

**B.    *The Instant Motion***

   **1.**    On September 10, 2010, garnishee EDS filed a motion asking the court to compel Chase to respond to its discovery requests and for a protective order barring or limiting Chase's second notice of taking deposition *duces tecum*.  EDS noted that its original garnishee disclosure (Doc. Ent. 37, filed on August 10, 2009) and its amended garnishee disclosure (Doc. Ent. 42, filed on July 19, 2010) indicated that not only is EDS not indebted to SDE, but that SDE and its co-defendant SDE-MRO Express, LLC ("SDE-MRO") are in fact obligated to EDS in excess of $5,000,000.  *See* Doc. Ent. 43.

   **2.**    Following the filing of the original garnishee disclosure by EDS on August 10, 2009, Chase served EDS on September 3, 2009 with a *Notice of Taking of Deposition Duces Tecum* (Doc. Ent. 43-1, Doc. Ent. 44-5).  This first notice demanded that an EDS corporate representative appear and produce 17 categories of documents.  The parties then agreed to table the taking of this deposition in exchange for a voluntary production of documents by EDS.  Doc. Ent. 43 ¶ 3.

   **3.**    By a letter dated September 23, 2009, counsel for EDS objected to the breadth and scope of the discovery sought by Chase.  Doc. Ent. 43-2.  On October 2, 2009, counsel for the parties exchanged electronic mail regarding, in part, the information sought by the September 23, 2009 letter.  Doc. Ent. 45-1.

4.      On October 28, 2009, EDS served discovery requests upon Chase (Doc. Ent. 43-3); Chase has allegedly failed and refused to provide responses or objections to these requests.

5.      According to Chase, it returned a signed Confidentiality Agreement to EDS on June 2, 2010. Doc. Ent. 44 at 9. Paragraph 2 of the Confidentiality Agreement concerns the designation of confidential information. Doc. Ent. 44-6 at 2.

6.      On July 13, 2010, EDS asserts, it produced more than 30,000 pages of documents to Chase. Doc. Ent. 43 ¶ 3; Doc Ent. 43 at 9. By same-day letter to plaintiff's counsel, counsel for EDS documented an agreement regarding a voluntary production of documents in lieu of attendance at a deposition. The letter also inquired about the status of Chase's responses to EDS's first set of interrogatories and requests for production. Doc. Ent. 43-4.

7.      On August 2, 2010, Chase served EDS with a second deposition notice (Doc. Ent. 43-5), which, like the first, demanded that EDS produce a corporate representative for deposition to testify regarding ten topics and to produce documents responsive to nineteen categories.

8.      In the instant motion, EDS argues that Chase is not entitled to refuse to produce responses to the EDS discovery requests, and that EDS would be subject to undue burden, expense, harassment and oppression if forced to comply with Chase's second deposition notice. Doc. Ent. 43 at 3 ¶ 6.

9.      EDS seeks an order (1) compelling Chase to fully and completely respond to its discovery request, (2) barring the deposition or document production demanded in Chase's second deposition notice from going forward until a mutually agreeable date at least fourteen day after Chase produces responses to its discovery requests, (3) appropriately limiting the scope of Chase's second deposition notice and (4) awarding EDS its fees and costs incurred to bring this motion.

Doc. Ent. 43 at 3.

    **10.**    Chase argues that the motion filed by EDS should be denied because (a) a garnishee defendant is not allowed discovery from the judgment creditor under the Michigan Court Rules and Federal Rule of Civil Procedure 69; (b) Chase's discovery requests describe records consistent with the broad and conflicting disclosures filed in this case and (c) EDS has failed to honor a previous agreement between the parties regarding discovery in this proceeding.  Chase seeks an order requiring EDS "to produce documents in accordance with the Federal Rules of Civil Procedure to support the conflicting, false and vague allegations in the Garnishee Disclosure." Doc. Ent. 44 at 2.

    **11.**    On September 30, 2010 EDS filed a reply.  Doc. Ent. 45.  EDS argues that Chase's response (a) mischaracterizes the nature of EDS's voluntary discovery to date and (b) offers no valid excuse for its continued refusal to participate in discovery in good faith.  According to EDS, Chase may not simply ignore EDS's discovery requests on the one hand and on the other hand repeatedly demand overly broad and unduly burdensome discovery from EDS.  Doc. Ent. 45 at 2.[1]

## C.    *Legal Standard*

    Garnishee EDS's motion is based upon Fed. R. Civ. P. 26(c) ("Protective Orders."), Fed. R. Civ. P. 37(a) ("Motion for an Order Compelling Disclosure or Discovery."), Fed. R. Civ. P. 37(b) ("Failure to Comply with a Court Order.") and Fed. R. Civ. P. 37(d) ("Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection."). Doc.

---

[1]Judge Cox referred the instant motion to me for entry of a report and recommendation.  Doc. Ent. 46.  Although a hearing on the motion was originally noticed for November 23, 2010 (Doc. Ent. 47), it was renoticed several times.  Doc. Entries 48 (12/9/10), 49 (12/17/10) & 50 (12/16/10).  On December 16, 2010, plaintiff's attorney (Steven F. Alexsy (MI)) and EDS's attorney (Martin T. Wymer (OH)) appeared in my courtroom.  I heard oral argument and took the motion under advisement.

Ent. 43 at 7.

**D.**    *Analysis*

**1.**    EDS contends that (A) "The Court Should Compel Chase To Respond To The EDS Discovery Requests[,]" (B) "The Court Should Bar The Deposition And Document Production Contemplated in Chase's Second Deposition Notice Until At Least 14 Days After Chase Produces Full And Complete Responses To The EDS Discovery Requests[,]" and (C) "The Court Should Limit The Scope Of Chase's Second Deposition Notice To Protect EDS From Being Subject To Undue Burden And Expense[,]" Doc. Ent. 43 at 10-19.

According to Chase, (A) EDS counsel's March 13, 2009 letter (Doc. Ent. 44-3) is inconsistent with EDS's August 10, 2009 garnishee disclosures (Doc. Ent. 36 and 37) and EDS's July 19, 2010 amended garnishee disclosures (Doc. Entries 41 and 42); (B) EDS's August 10, 2009 garnishee disclosure (Doc. Entries 36 and 37), conflicts with EDS counsel's March 13, 2009 letter (Doc. Ent. 44-3) and contradicts documents that Young (principal of SDE BP and SDE MRO) provided to the Bank, and in September 2009 EDS informed Chase "that there were so-called "Netting Agreements" that would prove that EDS was entitled to setoff amounts owing by SDE MRO against money owed to SDE BP[;]" (C) EDS produced the "netting agreement" on July 13, 2010 as document number 30,806 (dated October 4, 2007 and signed by Charles Young) of 30,810 documents;.[2] and (D) EDS's July 19, 2010 amended garnishee disclosures (Doc. Entries 41 and 42)

---

[2]In its September 23, 2010 response to the instant motion, Chase argues that "EDS should be required to produce documents in accordance with the Court Rules[,]" in support of which it relies upon Fed. R. Civ. P. 34(b)(2)(E)(I) and characterizes EDS's production as "the 30,000 plus page 'Confidential' document dump[.]"  Doc. Ent. 44 at 13.

It is true that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(2)(E)(I).  Citing this rule, EDS replies that it "was not required to [group the documents by category], since its production was a voluntary proffer. Nor was Chase prejudiced by any alleged failure

were untimely filed pursuant to the due date set forth in Judge Cox's July 6, 2010 stipulated order (Doc. Ent. 40). Doc. Ent. 44 at 4-12.

In reply, EDS takes issue with Chase's description of the parties' discussions. Doc. Ent. 45 at 5-6. In response to Chase's statement that it "can report with certainty that EDS did not provide 'netting agreements,'" Doc. Ent. 44 at 11, EDS notes that it produced the two "netting" agreements. Also, with respect to Chase's allegations that EDS improperly marked documents as "confidential," Doc. Ent. 44 at 9, EDS notes that the confidentiality agreement (Doc. Ent. 44-6)[3] "requires Chase to attempt to informally resolve disputes over confidentiality designations with EDS *before* involving the Court[,]" which EDS claims Chase has not done. Doc. Ent. 45 at 5-6.

**2.**     As to EDS's argument that Chase should be compelled to respond to EDS's discovery requests, Doc. Ent. 43 at 10-11, the Court should agree. First, EDS claims its October 28, 2009 discovery requests (Doc. Ent. 43-3) were served in accordance with Fed. Rules Civ. P. 33, 34 and 69, and that any objections or responses by Chase were due on November 30, 2009 in accordance with Fed. Rules Civ. P. 33(b)(2), 34(b)(2)(A), and 6(d). According to EDS, Chase "neither sought nor obtained any extensions of time to serve its responses[,]" and "has failed to serve any response whatsoever to the EDS Discovery Requests, and has – for seven months – ignored EDS's repeated demands that it comply with its obligations." Doc. Ent. 43 at 10-11.

Second, Chase's response on this issue is not convincing. Specifically, Chase responds that

---

to group documents, because EDS only produced 214 documents, whose relevance was, for the most part, self explanatory." Doc. Ent. 45 at 6.
    This report and recommendation does not address Chase's argument in response, because the production of documents regarding which Chase seeks organization under Rule 34 is not the subject of EDS's instant motion.

    [3]Paragraph 3 of the Confidentiality Agreement concerns "[d]isputes over confidential information designations." Doc. Ent. 44-6 at 3 ¶ 3.

"[a] garnishee defendant is not allowed to serve discovery requests on the judgment creditor under the Federal Rules of Civil Procedure or the Michigan Court Rules[,]" in support of which it relies upon Fed. R. Civ. P. 69(a)(2)[4] and simply states, "[a] Garnishee Defendant is not authorized to conduct discovery." Then, Chase contends that the Michigan Court Rules have a similar procedure, in support of which it relies upon M.C.R. 3.101 and simply states, "[a] review of the garnishment procedure under MCR 3.101(L) and (M)[5] shows that discovery requests served by a garnishee defendant on the judgment credit [are] not allowed." Doc. Ent. 44 at 12.

---

[4]Fed. R. Civ. P. 69 concerns execution. In part, it provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R Civ. P. 69(a)(1) ("Money Judgment; Applicable Procedure."). Furthermore, Rule 69 provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) ("Obtaining Discovery.").

[5]M.C.R. 3.101 concerns garnishment after judgment. With respect to "Steps After Disclosure; Third Parties; Interpleader; Discovery[,]" it provides "[w]ithin 14 days after service of the disclosure, the plaintiff may serve the garnishee with written interrogatories or notice the deposition of the garnishee. The answers to the interrogatories or the deposition testimony becomes part of the disclosure." M.C.R. 3.101(L)(1).

With respect to determining a garnishee's liability, it provides:

The verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer. The facts stated in the disclosure must be accepted as true unless the plaintiff has served interrogatories or noticed a deposition within the time allowed by subrule (L)(1) or another party has filed a pleading or motion denying the accuracy of the disclosure. Except as the facts stated in the verified statement are admitted by the disclosure, they are denied. Admissions have the effect of admissions in responsive pleadings. The defendant and other claimants added under subrule (L)(2) may plead their claims and defenses as in other civil actions. The garnishee's liability to the plaintiff shall be tried on the issues thus framed.

M.C.R. 3.101(M)(2).

8

Third, EDS's reply is convincing.  Doc. Ent. 45 at 2-3.  Fed. R. Civ. P. 69(a)(2) may not expressly authorize discovery by a garnishee, as it uses the terms "judgment creditor," "successor in interest," and "judgment debtor."  In fact, EDS contends that Fed. R. Civ. P. 69(a)(2) does not apply here, because "it governs debtor's examinations and not garnishments."  Doc. Ent. 45 at 2. However, Rule 69(a)(2) likewise does not expressly prohibit such discovery.

Furthermore, M.C.R. 3.101 provides that "garnishee" refers to the garnishee defendant. M.C.R. 3.101(A)(3).  Here, EDS is the garnishee defendant.  While M.C.R. 3.101(L)(1) provides that "[w]ithin 14 days after service of the disclosure, the plaintiff may serve the garnishee with written interrogatories or notice the deposition of the garnishee[,]" this does not equate to a bar on discovery initiated by the garnishee defendant.  Therefore, the Court should agree with EDS that M.C.R. 3.101(L)(1) "does not bar a garnishee from taking discovery."  Doc. Ent. 45 at 2.

Also, M.C.R. 3.101(M)(1) provides that "[i]f there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions."  With respect to this rule, EDS notes, "[a]ll parties in civil actions are entitled to discovery–not just the plaintiff."  Doc. Ent. 45 at 2.

Additionally, M.C.R. 3.101(L)(3) provides that "[t]he discovery rules apply to garnishment proceedings."  Referencing Fed. R. Civ. P. 26(b)(1), EDS contends that the rules permit all parties to take discovery.  Doc. Ent. 45 at 2.

Finally, EDS asserts that it "has a right to take discovery as a matter of due process and fundamental fairness."  EDS explains:

> While styled as a garnishment, this proceeding implicates complex litigation issues in a case with millions of dollars at stake.  Chase bears the burden of proof as to EDS's liability, and Chase is in possession of documents and information pertinent to EDS's defenses and setoff rights.  EDS must be able to take reasonable discovery

9

of Chase to defend itself and to prepare for trial.

Doc. Ent. 45 at 3.

Finally, EDS argues that "even if Chase's objection was meritorious, Chase waived it by failing to timely object." EDS's served its discovery requests on October 28, 2009 (Doc. Ent. 43-3). Responses were due within thirty (30) days of service. Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A). Chase did not file a motion for protective order, and EDS reasonably asserts that Chase's January 2010 verbal objection (Doc. Ent. 44 at 8) was untimely and invalid. Doc. Ent. 45 at 3.

In sum, Chase has not shown clear authority that EDS cannot request discovery it seeks. Therefore, the Court should compel Chase to respond to EDS's October 28, 2009 discovery requests (Doc. Ent. 43-3).

**3.**     With respect to its argument that "[t]he Court Should Bar The Deposition And Document Production Contemplated in Chase's Second Deposition Notice Until At Least 14 Days After Chase Produces Full And Complete Responses To The EDS Discovery Requests[,]" Doc. Ent. 43 at 11-14, EDS contends it "is entitled to such an order in the interest of fairness and to protect it from undue burden and expense." Doc. Ent. 43 at 11.

After citing Fed. R. Civ. P. 26(c)(1) and Fed. R. Civ. P. 37(d), EDS contends that "Chase is not entitled to a 'one-way street' in discovery where it can simply ignore its discovery obligations to EDS while simultaneously demanding that EDS respond to extensive and onerous discovery. Chase's discovery conduct is highly prejudicial to EDS's ability to defend its legitimate position that it is not liable to Chase in any way." Doc. Ent. 43 at 11-12. EDS also contends that "[b]y refusing to produce responses to the EDS Discovery Requests, Chase is unfairly depriving EDS of the ability

10

to establish facts pertinent to its case (and, ultimately, pertinent to EDS's 30(b)(6) testimony)." Doc. Ent. 43 at 13.

EDS has made persuasive arguments in this regard. For example, EDS contends that "[s]uch an order will prevent EDS from being unfairly prejudiced by being subject to a corporate deposition on subjects without having the benefit of answers to discovery it properly propounded on those subjects—but will not prejudice any discovery rights Chase may have in this case." Also, EDS contends that such an order "will . . . reduce the burden and expense EDS will be subjected to in preparing for the Fed. R. Civ. P. 30(b)(6) deposition in that it will provide EDS with all relevant information in possession of Chase and SDE." Doc. Ent. 43 at 13.

Therefore, the Court should grant this request. Fed. R. Civ. P. 26(c)(1)(B) (the Court may issue an order "specifying terms, including time and place, for the disclosure or discovery[.]").

**4.** With respect to EDS's argument that "[t]he Court Should Limit The Scope Of Chase's Second Deposition Notice To Protect EDS From Being Subject To Undue Burden And Expense[,]" Doc. Ent. 43 at 14-19, I note that it is dated August 2, 2010 (Doc. Ent. 43-5). EDS contends that (1) "Chase's Second Deposition Notice Seeks Testimony And Documents Far Beyond What Is Relevant Or Appropriate For A Garnishment Proceeding[,]"[6] (2) "Chase Should Be Required To Obtain Its Documents From Sources, Such As SDE, That Are More Convenient, Less Burdensome, Or Less Expensive Than Seeking To Obtain Such Documents From EDS[.]" Doc. Ent. 43 at 14-19.

---

[6]Within this argument, EDS states that, "[p]ursuant to Michigan law, a garnishee disclosure is limited to a revelation of "the garnishee's liability to the defendant … and [a claim of] any setoff that the garnishee would have against the defendant." M.C.R. § 3.101(H)(1)(a). Chase, as garnishor, is permitted pursuant to § 3.101(L)(1) to notice a deposition or serve interrogatories upon EDS, as garnishee, to, in effect, supplement EDS's Garnishee Disclosure. Pursuant to § 3.101(M)(2), if a dispute still exists, the matter can be tried and the matters for trial are limited to "the issues so framed" by the writ of garnishment and the garnishee disclosure." Doc. Ent. 43 at 14.

Referencing the September 3, 2009 Notice of Taking Deposition Duces Tecum (Doc. Ent. 44-5), Chase contends that "the document requests are as narrowly drawn as possible given EDS' wide ranging positions regarding set offs and an alter ego theory." Doc. Ent. 44 at 7. And, Chase asserts that "The second Notice of Deposition Duces Tecum is virtually identical to first Notice of Deposition Duces Tecum." Doc. Ent. 44 at 12.

EDS contends that "Chase's response supports EDS's need for a protective order[.]" Doc. Ent. 45 at 3-5. According to EDS, it "produce[d] the most relevant documents, and neither the volume nor method of production support Chase's inference of bad faith." Doc. Ent. 45 at 4. EDS contends that "the Second Deposition Notice . . . contains even *more* document requests and deposition categories than existed in the *already* overly broad First Deposition Notice." Doc .Ent. 45 at 5.

Having considered these arguments, the Court should deny EDS's request to limit the scope of Chase's Second Deposition Notice Duces Tecum.

**5.** Finally, EDS seeks an award of fees and costs incurred to bring this motion. Doc. Ent. 43 at 3, 11 & 20; *see also* Doc. Ent. 45 at 2, 6. However, in its response, Chase contends that its attorney "stated that the court rules did not allow for discovery by a garnishee defendant[.]" Instead, Chase "would consider production of documents Chase had previously produced in other SDE BP cases only after EDS complied with the [September 30, 2009 / October 2, 2009 (Doc. Ent. 45-1)] agreement of the parties." Doc. Ent. 44 at 8.

The Court should deny these requests, on the grounds that the motion papers presented a significant legal issue as to whether a garnishee defendant is entitled to discovery from a judgment creditor. In other words, Chase's "nondisclosure, response, or objection was substantially

12

justified[,]" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(ii), (iii).

## III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                                    s/Paul J. Komives
                                                    PAUL J. KOMIVES
Dated: 5/5/11                                       UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and   by electronic means or U.S. Mail on May 5, 2011.

s/Eddrey Butts
Case Manager