UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

      Plaintiff,                      Case No. 09-10554

v.                                       Hon. Sean F. Cox
                                       United States District Judge

SDE BUSINESS PARTNERING, LLC,
and SDE-MRO Express, LLC,

      Defendants,
v.

Electronic Data Systems, LLC,

      Garnishee.
_____/

OPINION & ORDER ADOPTING THE
REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 13, 2009, Plaintiff J.P. Morgan Chase Bank ("Chase" or "the Bank") filed

this action against Defendants SDE Business Partnering, LLC, ("SDE") and SDE-MRO Express,

LLC. ("SME").  On April 20, 2009, a consent judgement was entered in favor of Chase and

against Defendant SDE for indebtedness owed under two notes in the amount of $3,470,129.30.

The matter is currently before the Court on Garnishee Electronic Data Systems, LLC's ("EDS")

motion to compel Chase to respond to discovery requests and for a protective order barring or

limiting Chase's Second Notice of Taking Deposition With Duces Tecum (EDS Mtn., Doc. No.

43).

After a hearing on EDS's motion, Magistrate Judge Paul J. Komives issued a Report &

Recommendation ("R&R") on May 5, 2011.  (Doc. No. 51).  In the R&R, Magistrate Judge

1

Komives recommended the Court compel Chase to produce full and complete responses to the EDS discovery requests, and also that the Court issue a protective order staying compliance with the Second Deposition Notice until after Chase produces responses to the EDS Discovery Requests. The Magistrate Judge further recommended that the Court decline entry of a protective order limiting the scope of the testimonial topics and document production requests set forth in the Second Deposition Notice. Finally, the Magistrate Judge recommended that the Court decline to award EDS its fees and costs associated with bringing its motion.

For the reasons discussed below, the ADOPTS the Report & Recommendation in its entirety. Accordingly, EDS's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

A.   Factual Background:

Chase's complaint alleged: (1) Default Under Note A (Count I), (2) Default Under Note B (Count II), (3) Claim and Delivery: SDE Security Agreement (Count III), (4) Claim and Delivery: SME Security Agreement (Count IV), (5) Injunction: SDE (Count V), and (6) Injunction: SME (Count VI).

On March 5, 2009, this Court issued a temporary restraining order (Doc. No. 11), directing all account debtors of SDE and SME to "send all present and future receivables directly to the Bank, made payable to the Bank." *Id.* Following entry of this consent judgment, a series of writs of garnishment were issued as to SDE. (Doc. Nos. 21-26, 35). The writs issued on April 30, 2009 (Doc. No. 23) and July 16, 2009 (Doc. No. 35), named EDS as the garnishee. Chase sought to collect any unpaid debts EDS might have owed to SDE in connection with the transition services EDS provided to SDE and SME. EDS subsequently filed an answer to the

two writs of garnishment (Doc. Nos. 36 and 37) on August 10, 2009, asserting a right of setoff. Counsel for Chase responded by asking for documents to support the setoff claim. Apparently, Chase did not receive a response from EDS.

Upon receiving EDS's Garnishee disclosure, Chase served EDS on September 3, 2009, with a "Notice of Taking of Deposition With Duces Tecum" ("First Deposition Notice"). EDS timely objected to the First Deposition Notice (Doc. No. 43, Ex. B) and offered to voluntarily produce certain relevant documents and summaries in lieu of a deposition. Additionally, on October 28, 2009, EDS served Chase with its "First Set of Interrogatories And Requests For Production Propounded Upon Plaintiff, J.P. Morgan Chase Bank," (" the EDS Discovery Requests") (Doc. No. 43, Ex. C).

On January 20, 2010, EDS contacted Chase's counsel by phone and the parties tentatively agreed that, notwithstanding Chase's failure to respond to the EDS Discovery Requests, EDS would voluntarily produce its proffered documents. It appears, however, that Chase never responded to the EDS Discovery Requests, nor did it ever serve EDS with any written objections to those requests.

On July 13, 2010, following the execution of a confidentiality agreement between EDS and Chase, EDS produced more than 30,000 pages of documents to Chase. In an accompanying letter (Doc. No. 43, Ex. D), EDS reiterated its demand that Chase produce responses to the EDS Discovery Requests.

On August 2, 2010, Chase served EDS with its Second Notice of Taking Deposition With Duces Tecum ("Second Deposition Notice"). In the Second Deposition Notice, Chase requested that EDS produce a corporate representative for deposition on 10 topics of testimony and also

3

requested production of 19 categories of documents.

On September 10, 2010, EDS filed the instant motion seeking: (1) an order compelling Chase to respond to the EDS Discovery Requests, (2) an order staying EDS's compliance with the Second Deposition Notice until after Chase provides full responses to the EDS Discovery Requests, (3) an order limiting the scope of the testimony and documents sought pursuant to the Second Deposition Notice to the narrow issues actually in dispute in this garnishment proceeding, and (4) an award for the fees and costs incurred to bring the motion.

On October 22, 2010, pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred EDS's motion to Magistrate Judge Komives.

**B.**     <u>The Magistrate Judge's Report & Recommendation:</u>

In its motion, EDS contends that Chase has served EDS with overbroad and burdensome discovery demands, while refusing to provide responses to EDS's own discovery requests.  EDS argues that "Chase's abuse of the discovery process is prejudicial to EDS and continues to subject EDS to undue burden and expense."  (EDS Br. at 3).  Additionally, EDS asserts that a stay of EDS's compliance with the Second Deposition Notice is necessary because EDS cannot fully comply with the Second Deposition Notice until it receives facts, documents, and claims that are within the possession of Chase.

In response, Chase contends that EDS's motion should be denied because, under Michigan Court Rule 3.101 and Federal Rule of Civil Procedure 69, a garnishee defendant is not permitted to serve discovery requests from a judgment creditor.  Chase also contends that EDS has failed to turn over certain "netting agreements" pursuant to previous discovery requests by Chase and that EDS improperly marked other documents as "confidential."

4

First, the Magistrate Judge recommended that the Court compel Chase to respond to EDS's discovery requests.  The R&R states that Chase's argument in response to EDS' motion is "unconvincing."  Chase erroneously relies on Fed. R. Civ. P. 69(a)(2) and M.C.L. 3.101(A)(3) and makes the conclusory statement that a "Garnishee is not authorized to conduct discovery." The Magistrate Judge also emphasized that Chase's failed to address the fact that it did not respond to EDS Discovery Requests.  Moreover, Chase does not support its position with any authority.  Rather than explain why Chase has failed to comply with the EDS's Discovery Requests, Chase uses its response brief to complain about EDS's failure to comply with Chase's discovery requests.[1]

Next, the Magistrate Judge agreed with EDS that EDS would be unfairly prejudiced if it was subject to a corporate deposition without the benefit of receiving discovery from Chase on relevant issues.  The R&R stated that the Court should bar the corporate deposition and document production contemplated in Chase's Second Deposition Notice until at least 14 days after Chase produces full and complete responses to The EDS Discovery Requests.  The Magistrate Judge, however, recommend that the Court deny EDS's request to limit the scope of Chase's Second Deposition Notice.

Finally, Magistrate Judge Komives recommended that the Court deny EDS's request for fees and costs incurred to bring the instant motion.  The Magistrate Judge concluded that Chase presented a significant legal issue of whether a garnishee defendant is entitled to discovery from a judgment creditor and an award of fees and costs is therefore not warranted.

---

[1]As stated in the R&R, EDS's production of documents is not the subject of the instant motion, and therefore the Court will not address Chase's claims regarding EDS's discovery submissions.

STANDARD OF REVIEW

A district court applies a "clearly erroneous or contrary to law" standard of review for nondispositive preliminary measures. See 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *see Baker v. Peterson*, 67 Fed.Appx. 308 at *2 (6th Cir. 2003). A district court may accept, reject, or modify, in whole or in part, the recommendations contained in that report. A district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

ANALYSIS

Garnishee EDS objects to the Magistrate Judge's recommendation that the scope of Chase's Second Deposition Notice not be limited as requested, and also objections to the recommendation not to award EDS fees and costs associated with bringing the motion. Alternatively, Chase objects to the Magistrate Judge's recommendation to compel Chase to respond to the EDS' Discovery Requests as well as bar the deposition and document production contemplated by Chase's Second Deposition Notice until at least 14 days after Chase produces full and complete responses to the EDS' Discovery Requests.

A.    Did The Magistrate Judge Err When Recommending That The Court Compel Chase To Respond To The EDS Discovery Requests?

The EDS Discovery Requests were served on October 28, 2009, in accordance with Fed. Rules Civ. P. 33, 34, and 69. According to EDS, Chase "neither sought nor obtained any extensions of time to serve its responses and has failed to serve any response whatsoever to the EDS Discovery Requests."

Chase responds that a garnishee defendant is not allowed to serve discovery requests on a

6

judgement creditor under the FED. R. CIV. P. 69(a)(2) and M.C.R. 3.101(L).

FED. R. CIV. P. 69(a)(2) states, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."  Accordingly, Rule 69(a)(2) does not expressly bar discovery initiated by a garnishee defendant.  Nor does M.C.R. 3.101(L) and (M) expressly bar discovery requests served by a garnishee defendant.  To the contrary, M.C.R. 3.101(M)(1) states, "[i]f there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions."

In both its response to EDS's motion and its limited objection to the R&R, Chase fails to support its position regarding FED. R. CIV. P. 69(a)(2) and M.C.R. 3.101(L) with any authority.  The Court agrees with the Magistrate Judge's determination that Chase's reliance on FED. R. CIV. P. 69(a)(2) and M.C.R. 3.101(L) is misplaced.  Accordingly, for the reasons previously stated in the R&R, the Court OVERRULES Chase's objections and ADOPTS the R&R to the extent that it relates to EDS's request that the Court compel Chase to respond to the EDS Discovery Requests.

B.    <u>Did Magistrate Judge Err When Recommending That The Court Bar The Deposition And Document Production Contemplated In Chase's Second Deposition Notice Until At Least 14 Days After Chase Produces Full And Complete Responses To The EDS Discovery Requests?</u>

The R&R states that Chase's discovery conduct has become prejudicial to EDS' ability to defend its position that it is not liable to Chase in any way.  EDS contends that "an order will

7

prevent EDS from being unfairly prejudiced by being subject to a corporate deposition on subjects without having the benefit of answers to discovery it properly propounded on those subjects – but will not prejudice any discovery rights Chase may have in this case." This Court agrees.

The Federal Rules of Civil Procedure grant a district court broad discretion in matters concerning discovery. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir.1998) ("The scope of discovery is ... within the broad discretion of the trial court."). Additionally, FED. R. CIV. P. 26(c)(1) provides that a district court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . specifying terms, including time and place, for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B).

As stated above, Chase has failed to provide any valid argument in support of its position that it need not comply with the EDS Discovery Requests. Instead, Chase chose to address matters which are not at issue in the motion before Court, namely, EDS's own discovery production. Thus, the Magistrate Judge recommended that this Court compel Chase to answer the EDS Discovery Requests, and in the interest of fairness, EDS should not be required to answer Chase's Second Deposition Notice until at least 14 days after Chase produces full and complete responses to the EDS Discovery Requests.

The Court finds that the Magistrate Judge's did not clearly err in recommending that EDS's response to the Second Deposition Notice be stayed. Accordingly, for the reasons set forth in the R&R, the Court OVERRULES Chase's objections and ADOPTS the R&R as it relates to EDS's request that the Court bar the deposition and document production contemplated

in Chase's second deposition notice until at least 14 days after Chase produces full and complete responses to the EDS Discovery Requests.

C.   <u>Did Magistrate Judge Err When Recommending That The Court Should Not Limit The Scope of Chase's Second Deposition Notice In Order To Spare EDS From Undue Burden and Expense?</u>

Without much explanation, the Magistrate Judge recommended that the Court deny EDS's motion to limit the scope of Chase's Second Deposition Notice.  Chase contends that the documents requested in its' Second Deposition Notice are "as narrowly drawn as possible given EDS' wide ranging positions regarding set offs and an alter ego theory." (Doc. Ent. 44 at 7).

As stated above, a trial court has broad discretion to determine the proper scope of discovery.  *Lewis*, 135 F.3d at 402 (6th Cir. 1998).  Given the complexity of the issues at hand, and the potentially voluminous document production associated with the EDS and SDE business relationship, a discovery request like Chase's Second Deposition Notice can appear overly broad and burdensome on its face.  A Garnishee proceeding, however, is unique in that the judgment debtor and garnishee have an intimate business relationship outside of the general knowledge of the judgement creditor.

Here, Chase seeks documents relating to EDS' set-off claims with SDE and possibly SME.  EDS appears to believe that, at best, it is indebted to SDE for $162,458.41, yet it also asserts that it posses setoff claims in the amount of $920,596.14.  A vast majority of these setoff claims, however, are in regards to an alleged "alter ego" of SDE.  There also exists the issue of the "Netting Agreement" alleged by EDS's counsel between EDS, SDE, and SME, which would allegedly prove that EDS was entitled to setoff amounts owed.  Therefore, it is

9

not overly burdensome or intended to harass when Chase requests that EDS to produce documents "relating to each invoice issued to [EDS] by SDE or SME that has not yet been paid or was paid from January 1, 2007 through the date of production" and "[a]ny and all documents relating to any alleged right you are claiming to set off against claims by SDE and/or SME. . ." (Request to Produce, EDS Mtn., Ex. E). Because it appears that a substantial audit of EDS's transactions with SDE is required to determine whether EDS is indebted to SDE, or if EDS is entitled to any setoff, the document production sought by Chase is reasonably calculated to lead to admissible evidence as to any outstanding debts owed by either EDS or SDE.

Accordingly, the Court finds that the Magistrate Judge did not clearly err and the Court OVERRULES EDS's objections regarding the scope of Chase's request for production, and ADOPTS the R&R as it relates to scope of Chase's Second Deposition Notice.

D.    The Court Agrees With The Magistrate Judge That An Award Of Attorney Fees Is Not Warranted.

In the R&R, the Magistrate Judge recommends that the Court deny EDS's request for fees and costs incurred in bringing the instant motion. The Magistrate Judge found that, pursuant to FED. R. CIV. P. 37(a)(5)(ii), Chase's non-response to EDS's discovery request was "substantially justified" because "the motion papers presented a significant legal issue as to whether a garnishee defendant is entitled to discovery from a judgment creditor." (R&R at 12). The Magistrate Judge also stated that "other circumstances make an award of expenses unjust."

A parties' objection to a motion to compel is "substantially justified" if it raises an

issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations and quotation marks omitted).

Chase contends its failure to respond was warranted because EDS lacked the ability to take discovery in a garnishment proceeding. Although Chase's argument fails on the merits, the Court agrees that reasonable people could differ as to whether a third party garnishee may serve discovery requests on a judgment creditor.

A district court has broad discretion to award or deny attorney fees. Applying this discretion, the Court agrees that an award for attorney fees and costs is not warranted. The Court finds that the Magistrate Judge did not clearly err and the Court OVERRULES EDS's objections and ADOPTS the R&R's recommendation to decline an award for attorney fees.

CONCLUSION

For the reasons stated above, the Court OVERRULES Chase's and EDS's objections to the R&R and ADOPTS the R&R in its entirety.

Accordingly, IT IS ORDERED that EDS's Motion to Compel Discovery Requests is GRANTED.

It is FURTHER ORDERED that EDS's Motion For A Protective Order is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED to the extent that the Rule 30(b)(6) deposition of an EDS corporate executive and document requests set forth in Chase's Second Notice of Taking Deposition With Duces Tecum is HEREBY STAYED until 14 days after Chase produces responses to the EDS Discovery Requests.

The motion is DENIED to the extent that the Court shall not limit the scope of Chase's

Second Notice of Taking Deposition With Duces Tecum as requested by EDS.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Court

Dated:  September 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on
September 29, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager